UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**02-20296** CR-SEITZ

CASE NO. _____        MAGISTRATE JUDGE
21 USC 952(a)                           BANDSTRA
21 USC 841(a)(1)

UNITED STATES OF AMERICA

v.

HENRRY MARTINEZ-ARROYAVE
_____/



### INDICTMENT

The Grand Jury charges that:

### COUNT I

On or about March 24, 2002, at Miami International Airport, in Miami-Dade County,

in the Southern District of Florida and elsewhere, the defendant,

**HENRRY MARTINEZ-ARROYAVE,**

did knowingly and intentionally import into the United States, from a place outside thereof,

a Schedule I controlled substance, that is, one hundred grams or more of a mixture and

substance containing a detectable amount of heroin; in violation of Title 21, United States

Code, Sections 952(a) and 960(b)(2).

## COUNT II

On or about March 24, 2002, at Miami International Airport, in Miami-Dade County,

in the Southern District of Florida and elsewhere, the defendant,

### HENRRY MARTINEZ-ARROYAVE,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled

substance, that is, one hundred grams or more of a mixture and substance containing a

detectable amount of heroin; in violation of Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(B).


A TRUE BILL

FOREPERSON


GUY A. LEWIS
UNITED STATES ATTORNEY

CAMERON ELLIOT
ASSISTANT UNITED STATES ATTORNEY

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02 - 20296  CR - SEITZ

UNITED STATES OF AMERICA        CASE NO.

v.                              CERTIFICATE OF TRIAL ATTORNEY MAGISTRATE JUDGE
                                                                BANDSTRA

HENRRY MARTINEZ-ARROYAVE        Superseding Case Information:

**Court Division:** (Select One)     New Defendant(s)        Yes _____   No _____
                                     Number of New Defendants      _____
__x__ Miami   _____ Key West         Total number of counts        _____
_____ FTL     _____ WPB _____ FTP

        I do hereby certify that:

    1.  I have carefully considered the allegations of the indictment, the number of defendants,
        the number of probable witnesses and the legal complexities of the Indictment/Information
        attached hereto.

    2.  I am aware that the information supplied on this statement will be relied upon by the
        Judges of this Court in setting their calendars and scheduling criminal trials under the
        mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

    3.  Interpreter:        (Yes or No) __Yes_____
        List language and/or dialect    __Spanish_____

    4.  This case will take __2__ days for the parties to try.

    5.  Please check appropriate category and type of offense listed below:
        (Check only one)                    (Check only one)

    I    0 to 5 days          __x__         Petty        _____
    II   6 to 10 days         _____         Minor        _____
    III  11 to 20 days        _____         Misdem.      _____
    IV   21 to 60 days        _____         Felony       __x__
    V    61 days and over     _____

    6.  Has this case been previously filed in this District Court? (Yes or No) __No__
        If yes:
        Judge: _____   Case No. _____
        (Attach copy of dispositive order)

        Has a complaint been filed in this matter? (Yes or No) __Yes_____
        If yes:
        Magistrate Case No. __02-2443-JJO_____
        Related Miscellaneous numbers: _____
        Defendant(s) in federal custody as of __03/24/02_____
        Defendant(s) in state custody as of _____
        Rule 20 from the _____ District of _____

        Is this a potential death penalty case? (Yes or No) ____No_____

    7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to
        April 1, 1999? ___ Yes __x__ No   If yes, was it pending in the Central Region? ___ Yes ___ No

    8.  Did this case originate in the Narcotics Section, Miami? ___ Yes __x__ No

                                        CAMERON ELLIOT
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Court ID No. A5500606

*Penalty Sheet(s) attached                                    REV.6/27/00

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORI**

**PENALTY SHEET**

# 02-20296 CR-SEITZ

Defendant Name: <u>HENRRY MARTINEZ-ARROYAVE</u>     Case No. _____

MAGISTRATE JUDGE
BANDSTRA

| |
|---|
| Count #: I |
| 21 USC 952(a)/Importation of Heroin |
| *Max Penalty: 40 Years' Imprisment |
| |
| Count #: II |
| 21 USC 841(a)(1)/Possession with the Intent to Distribute Heroin |
| *Max Penalty: 40 Years' Imprisment |
| |
| Count #: |
| |
| *Max Penalty: |
| |
| Count #: |
| |
| *Max Penalty: |
| |
| Count #: |
| |
| *Max Penalty: |
| |
| Count #: |
| |
| *Max Penalty: |
| |

*Refers only to possible term of incarceration, does not include possible
fines, restitution, special assessments, parole terms, or forfeitures that
may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 02-2443-O'SULLIVAN

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

**HENRRY MARTINEZ-ARROYAVE,**

      **Defendant.**

_____/



FILED by _____ D.C.
MAG. SEC.

**MAR 2 6 2002**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

## DETENTION ORDER

    Pursuant to 18 U.S.C. § 3142(f), on March 25, 2002, a hearing was held to determine whether defendant **HENRRY MARTINEZ-ARROYAVE** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required. Therefore, it is hereby ordered that the defendant **HENRRY MARTINEZ-ARROYAVE** be detained prior to trial and until the conclusion thereof.

    In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The defendant is charged by complaint in the Southern District of Florida, with importing and possessing with intent to distribute heroin, in violation of Title 21, United States Code, Section 952(a) and 841(a)(1). Therefore, the defendant is charged with a narcotics offense for which a maximum sentence of more than ten (10) years is prescribed, resulting in a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance

of the defendant at all future court proceedings.  Title 18, United States Code, Section 3142(e) and (f).

2. The weight of the evidence against the defendant is substantial. The government has proffered that on March 24, 2002, the defendant arrived from Cartagena, Colombia to Miami International Airport.   A secondary inspection revealed  approximately 2.19 pounds of heroin concealed within two wallets and a package inside the defendant's underwear.  The defendant admitted to importing drugs into the United States on two prior occasions.

3.   The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on August 21, 1978 in Colombia and is a citizen of Colombia. The defendant is a lifelong resident of Colombia and resides with his wife  and child. His parents and sibling also reside in Colombia. his parents.  The defendant has no prior criminal history. Title 18, United States Code, Section 3142(g)(3)(A).  Title 18, United States Code, Section 3142(g)(3)(A).

4.  The defendant has no family ties and no financial ties to the United States but has strong ties to Colombia.  Because of the seriousness of his offense, the undersigned believes that the defendant would not appear if released on bond.

5.  The Court specifically finds, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.   Based upon the above findings of fact, which were supported by a preponderance of the evidence, the Court has concluded that this defendant presents a risk of flight.

The Court hereby directs:

2

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this 26 day of March, 2002.

_____

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pretrial Services

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-2443-O'SULLIVAN

UNITED STATES OF AMERICA,

       Plaintiff,

v.

HENRY MARTINEZ-ARROYAVE,

       Defendant.

_____/

## DEFENDANT'S INVOCATION OF
## <u>RIGHT TO SILENCE AND COUNSEL</u>

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to, matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures, or that may be relevant to sentencing, enhanced punishments, factors applicable under the U. S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction, appeals or other post-trial proceedings.

The defendant requests that the U. S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant.



Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

BY: _____

Henry P. Bell
Assistant Federal Public Defender
Florida Bar No. 090689
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1555
Tel:  305-530-7000/ Fax: 305-536-4559

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served via U.S. Mail upon the United States Attorney's Office, 99 N. E. 4th Street, Miami, Florida 33132-2111, this ___ day of March, 2002.

_____

Henry P. Bell

K:\Bell\H\Mag\Martinez-Arroyave\Invocrts.frm.wpd

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: *02-2443-O'Sullivan*

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          **ORDER**

*Henry Martinez-Aroyane*

           Defendant



FILED by _____ D.C.
MAG. SEC
MAR 2 5 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

      Pursuant to the Bail Reform Act, a detention hearing was held this date in accordance with 18 U.S.C. Section 3142(f). At the conclusion of the evidentiary hearing, the findings of fact and conclusions of law required by the Act were dictated into the record. It is thereupon

      **ORDERED AND ADJUDGED** as follows:

      1.  The Defendant __above named__ shall be detained pending trial in this case for the reasons stated on the record by the Court. *Risk of flight*

      2.  A final Order of Detention memorializing the dictated findings and conclusions shall be entered forthwith.

      **DONE AND ORDERED** in Miami, Florida this __25th__ day of __March__, 20__02__.

TAPE NO.02A-31-584

c: AUSA *[signature]*
   Defense Counsel — *Bell*
   Pretrial Services  *APTS*
   U.S. Marshal
formoptd

_____
UNITED STATES MAGISTRATE JUDGE
JOHN J. O'SULLIVAN

CASE NUMBER _02 - 2443 - O'Sullivan_

INTERPRETER REQUIRED IN CASE

FILED by _____ D.C.
MAG. SEC.

MAR 2 5 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

FOREIGN LANGUAGE ___ SPANISH _____

DEFENDANT(S) _HENRRY MARTINEZ-ARROYAVE_____

_____

_____

_____



koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _02- 2443 -O Sullivan_

UNITED STATES OF AMERICA

                    Plaintiff,

v.

HENRY MARTINEZ-ARROYAVE
              Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**

Language __SPANISH__
Tape No. _02A-_31-384
AUSA __Mullanei__
Agent _____

DOB: 8-21-78        Reg# 68449-004

FILED by _____ D.C.
MAG. SEC.

MAR 2 5 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

       The above-named defendant having been arrested on____3-24-02_____having appeared before the court for initial appearance on _____3-25-02_____and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
  Address:_____
  Zip Code: _____ Telephone: _____
2. _____FPD_____ appointed as permanent counsel of record.
  Address:_____
  Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am _____, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _will allege risk of flight_ A detention hearing, pursuant to 18 U.S.C. Section 3142(f) is set for 10am _held_ ., 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

     other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

HENRRY M. .RTINEZ-ARROYAVE

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

   **DONE AND ORDERED** at Miami, Florida, this___25th_____ day of ___MARCH____
2002 .

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE
                                        JOHN J. O'SULLIVAN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# United States District Court

_____ SOUTHERN _____     **DISTRICT OF** _____ FLORIDA _____

UNITED STATES OF AMERICA

v.

HENRRY MARTINEZ-ARROYAVE

MAR 2 5 2002
CLERK, U.S. DIST. CT.
S.D. OF FLA.   MIAMI

**CRIMINAL COMPLAINT**

**CASE NUMBER:** 02-2443-JJO

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 24, 2002, at Miami International Airport, Miami-Dade County in the Southern District of Florida and elsewhere, the defendant did knowingly and intentionally import into the United States from a place outside thereof, a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

On or about March 24, 2002, at approximately 2:20 p.m., the defendant, HENRRY MARTINEZ-ARROYAVE, arrived at Miami International Airport aboard Avianca Airlines Flight #004 from Cartagena, Colombia. After being admitted into the United States by the Immigration & Naturalization Service, the defendant presented himself and his luggage to the United States Customs Service for examination. During a secondary examination, United States Customs Inspectors discovered a white powdery substance concealed within two wallets and a package concealed inside the defendant's underwear. The defendant admitted importing narcotics into the United States. A field test of the white powdery substance proved positive for the presence of heroin.  The estimated weight of the heroin found was 2.19 pounds.

_____
Signature of Complainant
JOSE M. LINARES, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE
MARCH 25, 2002

Sworn to before me, and subscribed in my presence,

_____
MARCH 25, 2002
Date

at  Miami, Florida
City and State

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____02-2443-JJU_____

**UNITED STATES OF AMERICA**

**vs.**

**HENRRY MARTINEZ-ARROYAVE**
_____/

### CRIMINAL COVER SHEET

1.   Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?   ____ Yes   _X_ No

2.   Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?   ____Yes   _X_ No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY:   _____
CAMERON ELLIOT
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500606
99 N. E. 4th Street
Miami, Florida   33132-2111
TEL (305) 961-9136
FAX (305) 530-7976

N:\vsimmons\Duty\complain.cov

UNITED STATES DISTRICT COURT
**Southern District of Florida**

FILED by _____ D.C.
MAG. SEC.

MAR 2 5 2002

CLARENCE MADDOX
CLERK U.S. DIST CT.
S.D. OF FLA. MIAMI

**UNITED STATES OF AMERICA**
**Plaintiff**

Case Number: CR 02-2436

**V.S.**

HENRRY
MARTINEZ-ARROYAVE

**Defendant**

**REPORT COMMENCING CRIMINAL ACTION**

# 68449-004

**TO: Clerk's Office** (Miami)    Ft. Lauderdale    W. Palm Beach
**U.S. District Court**              (Circle One)

**NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE**

All items are to be completed. Information not applicable or unknown will be indicated "N/A"

(1)   **Date and Time of Arrest:** 3/24/02, 1420 hours

(2)   **Language Spoken:** Spanish

(3)   **Offense (s) Charged:** 21USC952-UNLAWFUL IMPORTATION OF NARCOTICS
        21USC841(A) - POSS. W/H INTENT TO DISTR. NARCOTICS

(4)   **U.S. Citizen**          ( ) Yes        (✓) No        ( ) Unknown

(5)   **Date of Birth:** 8-21-78

(6)   **Type of Charging Document:    (Check One)**
        ( ) Indictment      ( ) Complaint      To be filed/Already filed

        CASE#_____
        ( ) Bench Warrant for Failure to Appear
        ( ) Probation Violation Warrant
        ( ) Parole Violation Warrant

        **Originating District:**
        **COPY OF WARRANT LEFT WITH BOOKING OFFICER ( ) YES     ( ) NO**

Amount of Bond: $_____     Who set Bond:_____
(7)   **Remarks:**_____

(8)   **Date:** 3/24/02     **(9) Arresting Officer:** S/A JOSE M. LINARES

(10)  **Agency:  U.S. CUSTOMS SERVICE**    **(11)  PHONE:** (786) 265-7401

(12)  **Comments:**_____

_____

GRAND JURY INDICTMENT NO. 0201-TMCN-

No. 02-20296 CR-SEITZ

MAGISTRATE JUDGE
BANDSTRA

# UNITED STATES DISTRICT COURT

SOUTHERN     District of     FLORIDA

_____ Division

## THE UNITED STATES OF AMERICA

vs.

HENRRY MARTINEZ-ARROYAVE

## INDICTMENT

In violation of 21 USC 952(a)
21 USC 841(a)(1)

A true bill.

_Foreman_

FGJ 02-01 (MIA)

Filed in open court this _____ 2nd _____ day,

of _____ April _____ A.D. 2002

Clerk

_Deputy_

Bail, $ _____